**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0066-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

E-SHAUN JONES, f/k/a
ALLAN L. EAFORD, a/k/a
ALAN EAFORD, LESHAUN
A. EAFORD, LESHAUN EFORD,
LASHAWN S. EAFORD, and
BILL EAFORD,

    Defendant-Appellant.

_____

Submitted November 29, 2021 – Decided December 8, 2021

Before Judges Fasciale and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 08-10-1785.

E-Shaun Jones, appellant pro se.

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the denial of his second petition for post-conviction relief (PCR).  Defendant has not demonstrated a prima facie case of ineffectiveness and has failed to show good cause for the appointment of counsel.  We affirm.

I.

A jury convicted defendant and his co-defendant Shakeil Price (Price)[1] of first-degree purposeful or knowing murder, N.J.S.A. 2C:11-3(a)(1)-(2); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b), N.J.S.A. 2C:58-4.  He was sentenced to forty-five years' imprisonment, with an eighty-five percent parole ineligibility on the murder conviction concurrent to two concurrent ten-year terms of imprisonment with a five-year period of parole ineligibility on the weapons convictions.  We affirmed the convictions.  See State v. Price, No. A-2937-10 (App. Div. Mar. 12, 2014).  The Supreme Court denied defendant's petition for certification.  State v. Eaford, 221 N.J. 219 (2015).

---

[1]  Price is not involved in this appeal.

Defendant filed his first petition for PCR, which the PCR judge denied without an evidentiary hearing. Defendant raised several points, including his trial counsel's alleged failure to disclose a favorable plea bargain to him. This court affirmed the denial of the PCR, State v. Eaford, No. A-4061-15 (App. Div. Dec. 15, 2017) (slip op. at 14), and the Supreme Court denied defendant's subsequent petition for certification, State v. Eaford, 235 N.J. 400 (2018).

This court reversed the denial of Price's petition for PCR. State v. Price, No. A-1527-17T4 (App. Div. Mar. 4, 2019) (Price II) (slip op. at 11). Price had argued that his trial and appellate counsel were ineffective for failing to raise the trial judge's purported error in not conducting a pretrial conference. Id. at 4. Price certified that his trial counsel failed to advise him that the State had extended a final plea offer of a twenty-year prison term subject to an eighty-five percent parole ineligibility. Ibid. We concluded that an evidentiary hearing should have been conducted as to Price's claim that his trial counsel did not relay the State's plea offer to him and whether he was adequately counseled with respect to the plea offer. Id. at 11.

In his second PCR petition, defendant argued that because of his trial counsel's failure to insist on a pretrial conference, he, like Price, had also not been informed or counseled on the State's final plea offer. Defendant alleged

3

that he was not aware of the alleged twenty-year plea offer to Price or Price's willingness to accept that offer. The judge on defendant's second PCR petition entered an order on April 22, 2020, denying the petition, rendered a written decision, and concluded that the petition was procedurally barred. Although finding the petition barred, the PCR judge addressed the merits of the petition and found that defendant failed to demonstrate a reasonable probability that the relief sought would be granted when viewed in light of the evidence as a whole, and defendant did not establish good cause for assignment of a Public Defender.

In this appeal, defendant asserts the following arguments in his pro se brief:

> POINT I
>
> THE PCR [JUDGE] ERRED IN CONCLUDING [DEFENDANT] HAD NOT EVEN MADE A SUFFICIENT SHOWING TO HAVE A PUBLIC DEFENDER APPOINTED IN A CASE WHERE THE APPELLATE DIVISION HAD ALREADY DECIDED HIS MORE CULPABLE CO-DEFENDANT MUST RECEIVE AN EVIDENTIARY HEARING CONCERNING THE SAME ISSUES.
>
> POINT II
>
> THE PCR [JUDGE] ERRED IN HOLDING THAT R[ULE] 3:22-5 BARRED [DEFENDANT'S] SECOND PETITION BECAUSE THE CLAIMS RAISED IN [DEFENDANT'S] LATEST PETITION WERE NOT PREVIOUSLY ADJUDICATED.

POINT III

THE PCR [JUDGE] ERRED IN CONCLUDING THERE WAS INSUFFICIENT EVIDENCE TO ALLOW [DEFENDANT] TO PROCEED WITH HIS PETITION.

We review de novo a decision to deny a petition for PCR without an evidentiary hearing. State v. Harris, 181 N.J. 391, 419 (2004); see also State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (applying a de novo standard of review to the denial of a second petition for PCR).

II.

Defendant contends the judge erred in holding his petition was procedurally barred because his claim that his trial counsel failed to insist on a pretrial conference and the "prejudice created by the resulting failure to communicate the State's final plea offer" was not previously adjudicated. We conclude, as did the judge, that defendant's petition is procedurally barred under Rule 3:22-5 because defendant raised this exact issue in his first petition, and that denial was affirmed on appeal.

Under Rule 3:22-5, "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding . . . or in any appeal taken from such proceedings." The Court has noted that "PCR will be precluded 'only if the

5

issue is identical or substantially equivalent' to the issue already adjudicated on the merits." State v. Afanador, 151 N.J. 41, 51 (1997) (quoting State v. McQuaid, 147 N.J. 464, 484 (1997)).

In his first PCR, defendant argued that he "was denied due process because [there] was no [p]re-[trial] [c]onference held." The first PCR judge addressed defendant's claim that his trial counsel failed to discuss a plea relative to the negative consequences of a trial in a written decision and found that trial counsel's representation was reasonable. This court affirmed that decision and concluded the issue to be "without sufficient merit to warrant discussion." Eaford, slip op. at 14. On this record, we are satisfied that the judge properly determined defendant's arguments were procedurally barred. Notwithstanding the second PCR judge's finding that defendant was precluded from raising this issue, the judge still addressed the merits of defendant's second petition—we will too.

III.

Defendant argues that his trial counsel rendered ineffective assistance of counsel because there was no pretrial conference and because counsel did not advise him of the State's final plea offer. Relying primarily on this court's decision reversing the denial of his co-defendant Price's PCR petition, defendant

6

argues he established "at least a prima facie case entitling him to an evidentiary hearing." Defendant argues that he made a showing of good cause to be entitled to the assignment of a Public Defender because his second petition raised substantial issues of law and fact.

To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). To meet the first Strickland/Fritz prong, a defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. The defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Id. at 689. Thus, we consider whether counsel's performance fell below an objective standard of reasonableness. Id. at 688.

To satisfy the second Strickland/Fritz prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

7

sufficient to undermine confidence in the outcome." Id. at 694. "[I]f counsel's performance has been so deficient as to create a reasonable probability that these deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated." Fritz, 105 N.J. at 58. In the context of plea offers, "a defendant must show the outcome of the plea process would have been different with competent advice." Lafler v. Cooper, 566 U.S. 156, 163 (2012).

Rule 3:22-6(b) prescribes that a defendant is entitled to the assignment of a Public Defender for a second petition for PCR "only upon application therefor and [a] showing of good cause." "[G]ood cause exists only when the [judge] finds that a substantial issue of fact or law requires assignment of counsel and when a second or subsequent petition alleges on its face a basis to preclude dismissal under R[ule] 3:22-4." R. 3:22-6(b). The judge will dismiss a second petition for PCR unless it is timely under Rule 3:22-12(a)(2) and meets one of the three criteria under Rule 3:22-4(b)(2). The criteria are

> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
>
> (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the

A-0066-20

evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR].

[R. 3:22-4(b)(2).]

To support defendant's PCR claim, he points to this court's decision reversing the denial of Price's PCR petition. The sole evidence presented on Price's petition for PCR was his certification that his trial counsel failed to advise him prior to trial of the State's final plea offer of a twenty-year prison term. Price further certified that had he been advised of the plea offer, he would have taken it. The State denied ever making the twenty-year offer to Price, but it did not supply an affidavit or certification from the assistant prosecutor who handled Price's prosecution. Price's appellate counsel also failed to locate or obtain an affidavit or certification from Price's trial counsel, who Price alleged did not advise him of the offer or insist on a pretrial conference.

On Price's appeal, we acknowledged that "the record contains no indication that the trial [judge] conducted a pretrial conference" or that the requirements of Rule 3:9-1(f) were met for a transcript of a pretrial conference or a pretrial memorandum. Price II, slip op. at 10. We held that an evidentiary

hearing was necessary to establish whether trial counsel failed to communicate a plea offer to Price and whether trial counsel adequately counseled defendant on that offer. Id. at 10-11.

We reject defendant's argument that our decision to reverse the denial of Price's petition for PCR is sufficient to warrant reversal on this appeal. We conclude that defendant failed to establish any of the criteria under Rule 3:22-4(b)(2) to preclude dismissal of his petition. Defendant failed to show, when viewing the evidence as a whole, there was a reasonable probability that the PCR would be granted, and he failed to establish a prima facie case of either Strickland/Fritz prong.

This court's acknowledgment that there was no pretrial conference in Price's case is insufficient evidence to prove that defendant's trial counsel's performance here fell below the objective standard of reasonableness under Strickland. 466 U.S. at 688. Defendant has not demonstrated how Price's certification that he received a twenty-year plea deal established that defendant's trial counsel failed to communicate a plea deal to defendant. Defendant did not submit a certification claiming the existence of this final plea deal, but instead simply infers that if Price, who acted more culpably than him by firing the gun,

received a twenty-year plea deal, then the State must have offered an even more favorable final plea deal to defendant.

Furthermore, on his first petition, the State indicated that defendant rejected its plea offer of thirty-years imprisonment, and the State presented evidence that defendant was satisfied with his trial counsel's advice. As the second PCR judge correctly found, there is not enough evidence "to confirm or deny" that the alleged plea deals existed and that if so, defendant or Price would have accepted them. Nor is there sufficient evidence supporting defendant's bald assertion that there is a reasonable probability of success on the merits or to establish a prima facie case of ineffective assistance of counsel. And defendant has not demonstrated good cause that there is a substantial issue of fact or law entitling him to assignment of a Public Defender.

To the extent we have not addressed defendant's arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0066-20